1

2

3

4

5

6

7

8      **UNITED STATES DISTRICT COURT**

9      **SOUTHERN DISTRICT OF CALIFORNIA**

10

| 11 | MISSION FEDERAL CREDIT UNION, | CASE NO. 12-CV-2608-MMA(MDD) |
|---|---|---|
| 12 | Plaintiff, | **ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |
| 13 | vs. | |
| 14 | SYLVIA V. MARTINEZ, | |
| 15 | Defendant. | |
| 16 | | |

17      On October 26, 2012, Defendant Sylvia V. Martinez removed this action from the State of

18  California, Superior Court for the County of San Diego, North County Division.  [Doc. No. 1.]

19  Having reviewed Defendant's notice of removal, the Court finds it does not have subject matter

20  jurisdiction over this action.  The Court therefore **REMANDS** this action to San Diego County

21  Superior Court, North County Division.

22                          **BACKGROUND**

23      The underlying complaint arises from Plaintiff's efforts to evict Defendant from real

24  property located at 1282 Elfin Forest Rd., San Marcos, California 92078 ("Property").  [Doc. No.

25  1, Exh. A.]  Plaintiff alleges it is the owner of the Property and is entitled to immediate possession,

26  as the Property was sold in accordance with California Civil Code section 2924.  Plaintiff further

27  alleges that on August 27, 2012, Defendant was served with a three-day written notice to quit and

28  deliver the Property to Plaintiff, in accordance with California law.  The three-day period has

1   expired, and Defendant refuses to deliver possession of the Property to Plaintiff.  Plaintiff seeks

2   possession of the Property and costs of suit for Defendant's alleged unlawful detainer of the

3   Property.  Defendant contends removal of the unlawful detainer action is appropriate under 28

4   U.S.C. section 1331 because Plaintiff's alleged defective Notice of Trustee Sale during the

5   underlying foreclosure proceedings "denied [her] substantive due process [rights] pursuant to Fed.

6   Code of Civ. Proc. Rule 4 [sic], and the Due Process Clauses(s) of the 5th and 14th Amendments."

7   Specifically, Defendant asserts Plaintiff's notice to vacate the Property did not comply with 12

8   U.S.C. section 5220 and California Civil Code section 2924(d)(3), thereby creating federal

9   question jurisdiction.

10                                              **DISCUSSION**

11          The federal court is one of limited jurisdiction.  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479

12   F.3d 994, 997 (9th Cir. 2007).  It possesses only that power authorized by the Constitution or a

13   statute.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  It is

14   constitutionally required to raise issues related to federal subject matter jurisdiction, and th Court

15   may do so *sua sponte*.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see*

16   *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).  Removal jurisdiction is

17   governed by 28 U.S.C. §§ 1441 *et seq*.  A state court action can only be removed if it could have

18   originally been brought in federal court.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987);

19   *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, for an action to be removed on the

20   basis of federal question jurisdiction, the complaint must establish either that federal law creates

21   the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of

22   substantial questions of federal law.  *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation*

23   *Trust for S. Cal.*, 463 U.S. 1, 10-11 (1983).  Alternatively, a federal court may have diversity

24   jurisdiction over an action involving citizens of different states where the amount in controversy

25   exceeds $75,000.  28 U.S.C. § 1332.

26          "The burden of establishing federal jurisdiction is on the party seeking removal, and the

27   removal statute is strictly construed against removal jurisdiction."  *Nishimoto v. Federman-*

28   *Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990).  "Federal jurisdiction must be rejected

1  if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d

2  564, 566 (9th Cir. 1992).  Whether federal jurisdiction exists is governed by the well-pleaded

3  complaint rule.  *Caterpillar*, 482 U.S. at 392.  The well-pleaded complaint rule is a "powerful

4  doctrine [that] severely limits the number of cases in which state law 'creates the cause of action'

5  that may be initiated in or removed to federal district court . . ." *Franchise Tax Bd.*, 463 U.S. at

6  9-10.  Under this rule, the federal question must be "presented on the face of the plaintiff's

7  properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183

8  (9th Cir. 2002).

9       Here, the state court complaint does not allege any claim "arising under" federal law.

10  Plaintiff in the state court action sets forth a single cause of action for unlawful detainer – a claim

11  that arises exclusively under California state law.  Defendant asserts federal jurisdiction is

12  nevertheless appropriate because she has raised a defense that implicates Plaintiff's compliance

13  with a federal statute.  Specifically, Defendant contends Plaintiff's notice to vacate the Property

14  was defective under 12 U.S.C. section 5220.  However, "[a] defense based on federal law is not

15  sufficient to remove an action to federal court." *Fed. Nat'l Mortg. Assoc. v. Rhoades*, 2011 U.S.

16  Dist. LEXIS 42712, at *2 (S.D. Cal. Apr. 18, 2011) (citing *Berg v. Leason*, 32 F.3d 422, 426 (9th

17  Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one based on federal

18  preemption . . . renders an action brought in state court removable.").[1]

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  _____

28  [1] In addition, the record does not indicate whether the parties are residents of different states, but a review of the complaint reveals that Plaintiff does not seek damages, and the amount in controversy requirement to establish diversity jurisdiction is not met.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

Having carefully reviewed the notice of removal and the accompanying documents, the Court finds and concludes that it does not have subject matter jurisdiction over this action. Accordingly, the above captioned case is **REMANDED** to the Superior Court for the County of San Diego, North County Division, case no. 37-2012-00039305-CL-UD-NC.  The Clerk of Court is instructed to return the case to the state court and to close this matter.

**IT IS SO ORDERED.**

DATED:  October 29, 2012

Hon. Michael M. Anello
United States District Judge

12CV2608